Shawn HOLLIMAN, Petitioner,

v.

Theodis BECK, Secretary, North Carolina Department of Correction, Respondent.

No. 1:03 CV 01236.

United States District Court, M.D. North Carolina.

Jan. 6, 2005.

Elizabeth Coleman Gray, N.C. Prisoner Legal Services, Inc., Raleigh, NC, for Plaintiff.

Clarence Joe Delforge, III, N.C. Department of Justice, Raleigh, NC, for Defendant.

## ORDER

BEATY, District Judge.

On December 7, 2004, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. Petitioner filed objections to the Recommendation within the time limit prescribed by Section 636 and respondent filed a reply to the objections.

The Court has reviewed petitioner's objections de novo and finds they do not change the substance of the United States Magistrate Judge's rulings which are affirmed and adopted.

**IT IS THEREFORE ORDERED** that the petition for habeas corpus (docket no. 1) is·denied, that respondent's motion for summary judgment (docket no. 4) is granted, that this action is dismissed, and that finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is denied.

## RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

ELIASON, United States Magistrate Judge.

### Procedural History

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 13, 2001, petitioner was convicted of noncapital first-degree murder and sentenced to life imprisonment without the possibility of parole in case number 00 CRS 76817. He appealed, but the trial

and sentence were upheld by the North Carolina Court of Appeals. State v. Holliman, 155 N.C.App. 120, 573 S.E.2d 682 (2002). After unsuccessfully pursuing collateral review in the state courts, petitioner now seeks habeas relief in this Court.

### Petitioner's Claim

The only claim raised by petitioner is that the "short form" indictment used in his case did not allege all of the elements of first-degree murder. He contends that this is a violation of his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution and his rights to counsel, notice, and a jury trial under the Sixth Amendment of the United States Constitution.

### Standard of Review

If petitioner's claim has been considered by a state court on its merits, the Court must then apply 28 U.S.C. § 2254(d)'s highly deferential standard of review. That statute states that habeas relief cannot be granted in cases where a state court has considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts.

A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by .[the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1519, 146 L.Ed.2d 389 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the

correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.*, 120 S.Ct. at 1520. "Unreasonable" is not the same as "incorrect" or "erroneous" and the reasonableness of the state court's decision must be judged from an objective, rather than subjective, standpoint. *Id.* at 1521–1522.

Here, petitioner did present his defective indictment claim to the North Carolina Supreme Court in an application for a writ of habeas corpus. That court denied the claim succinctly, but apparently on its merits. Therefore, this Court will apply the deferential standard discussed above.

### Discussion

As stated previously, petitioner claims that his conviction is invalid because the indictment in his case did not allege all of the elements of first-degree murder as required by federal constitutional law. To understand this issue better, it will be helpful to first review the requirements of state law. Since 1887, North Carolina statutory law has stated that an indictment for murder is sufficient if it alleges "that the accused person feloniously, willfully, and of his malice aforethought, did kill and murder" the victim. *State v. Hunt*, 357 N.C. 257, 268–69, 582 S.E.2d 593, 601, *cert. denied*, 539 U.S. 985, 124 S.Ct. 44, 156 L.Ed.2d 702 (2003); N.C. Gen.Stat. § 15–144. Indictments using this language are known as "short form" indictments. The superseding indictment under which petitioner was tried and convicted was such an indictment, stating that petitioner "did unlawfully willfully and feloniously and with

malice aforethought, kill and murder Tamika Rachelle Fox . . . ."

While N.C. Gen.Stat. § 15–144 sets out the language necessary to charge the crime of "murder" in an indictment, North Carolina statutory law actually recognizes two forms or categories of murder, *i.e.*, first-degree and second-degree murder, and provides for different sentencing for each of them. *Hartman v. Lee*, 283 F.3d 190 (4th Cir.2002), *cert. denied*, 537 U.S. 1114, 123 S.Ct. 851, 154 L.Ed.2d 789 (2003); N.C. Gen.Stat. § 14–17. First-degree murder includes, among other things, murders committed with deliberation and premeditation, and murders committed in conjunction with the commission of certain serious felonies. All murders which are not first-degree murders are second-degree murders. *Id.* Persons convicted of first-degree murder receive a sentence of either death or life imprisonment without parole, while persons convicted of second-degree murder are sentenced to a lengthy term of months of imprisonment.

In the instant case, petitioner does not contend that his indictment was not sufficient to allege "murder" under state law. His claim is that the indictment did not contain the specific allegations of premeditation and deliberation or the commission of the murder in conjunction with another felony in order to constitute a charge of first-degree, as opposed to second-degree, murder. However, and of critical importance, petitioner makes no claim before this Court that he did not have actual notice of the fact that he was charged with first-degree murder.[1] Nor does he contend that all of the essential elements of first-degree murder were *not* actually pre-

---

1. It is clear that petitioner did have actual notice. The superseding indictment in his case is entitled **"FIRST DEGREE MURDER WITH SPECIAL CIRCUMSTANCES."** (emphasis in original) Also, as respondent points

out, even before the issuance of the superseding indictment, petitioner's trial counsel filed a suppression motion which notes that petitioner was charged with "first degree murder and other charges." (Resp.Br., Attachments)

452

sented to and found by the jury to exist beyond a reasonable doubt. Rather, he maintains only that his indictment was procedurally deficient in violation of the United States Constitution.

In order to establish his claim and satisfy the stringent standards for obtaining habeas relief, petitioner points to two United States Supreme Court cases which he asserts support his contention that there was a constitutional requirement that the special allegations supporting first-degree murder must be alleged in his indictment. The first of these is *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). That case dealt with a federal prosecution and generally stands for the proposition that in construing a federal criminal statute, a court must keep in mind that,

> under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.

*Jones*, 526 U.S. at 243 n. 6, 119 S.Ct. at 1224. Consequently, certain "sentencing factors" may actually be deemed elements of the crime and persons charged in federal court have a right to have those elements charged in an indictment and submitted to a jury using a "beyond a reasonable doubt" standard of proof.

The second case relied on by petitioner is *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). That case was similar to *Jones* because the Supreme Court held that so-called "sentencing elements" were actually elements

of the crime. However, unlike *Jones*, *Apprendi* involved a state prosecution. The Supreme Court clearly held that in state prosecutions, just as in federal prosecutions, there is a constitutional requirement that all elements be presented to a jury and proved beyond a reasonable doubt. Petitioner contends, however, that the case goes further and also imposes a requirement that all elements of a crime be alleged in an indictment in state prosecutions. In other words, petitioner views *Jones* as setting a rule for federal prosecutions that sentencing factors which rise to the level of elements of a crime must be set out in an indictment and *Apprendi* as simply extending that rule to the states. Therefore, the crucial question in this case is whether or not petitioner is correct in this assertion.

The precise question of whether *Jones* and *Apprendi*, work together in the way petitioner suggests (so as to invalidate North Carolina's short form indictments) has not been addressed by either the State court or by any of the United States District Courts in this State. Petitioner relies on the language contained in the *Jones* and *Apprendi* decisions to support his argument. The respondent relies on a Fourth Circuit case which sets out the state of the law prior to *Jones* and *Apprendi*. See *Hartman*, 283 F.3d 190.

■ In *Hartman*, the court noted that the due process clause of the Fifth Amendment requires a defendant to be informed of the charges against him, and a similar requirement is contained in the Sixth Amendment, which requires the accused "to be informed of the nature and cause of the accusation." *Hartman*, 283 F.3d at 194.[2] It also noted that in *Jones*, the

**2.** As noted earlier, the record in this case shows that petitioner had sufficient notice that he was being charged with first-degree

murder and the reasons why. In any event, petitioner has not contended otherwise in this

Supreme Court went further by holding that the Fifth Amendment indictment clause requires that the crime must be set out in a presentment or indictment which, under federal law, means that the elements of the crime must be set out in the indictment. *Id.*, at 195 n. 4. However, the *Hartman* court determined that *Jones* and *Apprendi* did not apply retroactively on habeas review and that the Fifth Amendment indictment requirement had not been extended to state prosecutions prior to those cases. This left the Sixth Amendment requirement that a defendant simply have notice of the charges. It decided that neither the Sixth Amendment alone, nor as incorporated in the Fourteenth Amendment, invalidated North Carolina's "short-form" murder indictments. It explained that the indictments were sufficient because only one crime of "murder" exists in North Carolina and such indictments sufficiently allege the elements of that crime, so that petitioner had sufficient notice of his charges.

In other words, the Supreme Court case law before *Jones* and *Apprendi* did not require that sentencing distinctions between first- and second-degree murder, which in light of *Jones* may now arguably be considered elements of the crimes, be charged in an indictment. Because *Jones* and *Apprendi* did not retroactively apply to the petitioner in *Hartman*, the Fourth Circuit specifically noted that it was not addressing the impact of those decisions on the rule it was applying.

In the present case, both *Jones* and *Apprendi* were decided prior to petitioner's conviction becoming final and, thus, unlike the situation in *Hartman*, those two decisions apply to petitioner's conviction. Nevertheless, *Hartman* is not irrelevant to the instant case because it leaves no doubt that, unless *Apprendi* extends the Fifth Amendment indictment clause requirement to state prosecutions in the manner petitioner contends, his claim necessarily fails.

■ The Court now turns its attention to the central issue in this case which is whether *Apprendi* imposes the indictment clause notice requirement of *Jones* on state court prosecutions through or by the Fourteenth Amendment. The Court finds it does not.

While the precise issue raised in this case does not seem to have been litigated in other courts, a number of state courts have held that aggravating factors which are necessary to impose the death penalty, need not be set out in a state indictment.[3] *McKaney v. Foreman ex rel. County of Maricopa*, 209 Ariz. 268, 100 P.3d 18 (2004) (en banc) (collecting cases). The major premise behind this position rests on the fact that two Supreme Court cases specifically hold that the Fifth Amendment only requires the federal government to use a grand jury indictment as a means of charging serious crimes and that neither the Fifth Amendment alone or by way of the Fourteenth Amendment Due Process Clause impose the requirement on the state. *Alexander v. Louisiana*, 405 U.S.

Court or state court. Therefore, that matter is not before the Court.

**3.** In *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), the Supreme Court held that the aggravating factors necessary for a state court to impose the death penalty were the functional equivalent of additional elements of the crime of murder and must be decided by a jury, not a judge, when

the defendant elects to receive a jury trial. Because *Ring* involved the death penalty, there were additional considerations concerning the Eighth Amendment not present in the *instant case*. Those extra considerations do not provide any reason for rejecting the reasoning of the state courts for purposes of this case.

625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972); *Hurtado v. People of State of California,* 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884). The second premise behind the state court's rationale is that *Apprendi* did not change the law. *McKaney,* 100 P.3d at 21. It is this last proposition which the petitioner in the instant case challenges.

At first blush, it might seem that petitioner is actually correct in his argument that *Apprendi* extends the *Jones* indictment requirement to the states. Early in the opinion, the Supreme Court notes,

> that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Id.,* at 243, n. 6, 119 S.Ct. 1215. *The Fourteenth Amendment commands the same answer in this case involving a state statute.*

*Apprendi* at 476, 120 S.Ct. at 2355, *quoting Jones* at 243 n. 6, 119 S.Ct. at 1226 (emphasis added).

The Supreme Court's initial statement would, thus, appear to support petitioner's argument. However, almost immediately after making the statement, the Court in *Apprendi* limits the scope of the opinion, noting that Apprendi had not asserted a claim that his indictment was deficient for failure to allege the sentencing enhancements as elements. *Id.* at 477 n. 3, 120 S.Ct. at 2355. It then goes on to say that the indictment requirement, which is based on the Fifth Amendment, had not been previously extended to state prosecutions through the Fourteenth Amendment and that the "indictment question" was not being separately considered in *Apprendi.* *Id.*

Whatever the meaning of the initial statement in the opinion, the later footnote certainly makes it highly unlikely the "indictment requirement" was newly imposed on state prosecutions by *Apprendi.* Furthermore, in at least two later cases, the Supreme Court has made statements consistent with this conclusion. *See United States v. Cotton,* 535 U.S. 625, 627, 122 S.Ct. 1781, 1783, 152 L.Ed.2d 860 (2002), *and Harris v. United States,* 536 U.S. 545, 549, 122 S.Ct. 2406, 2410, 153 L.Ed.2d 524 (2002). In *Cotton,* the Supreme Court cited *Apprendi* for the proposition that facts which increase the maximum penalty for a crime must be submitted to a jury and proved beyond a reasonable doubt. It then stated that, in federal prosecutions, *Jones* imposes the additional requirement that those facts be charged in an indictment. Similarly, in *Harris,* the Supreme Court noted that in federal prosecutions, persons charged with a crime have a right to the presentment of an indictment to a Grand Jury, while persons in all criminal prosecutions have a right to a trial by jury and right to have the government prove each element of the crime beyond a reasonable doubt.

█ It is obvious from the passages in *Cotton* and *Harris* that the Supreme Court, following *Apprendi,* continues to draw a distinction between federal and state prosecutions where the indictment requirement is concerned. For this reason, this Court cannot say that the North Carolina Supreme Court acted contrary to or engaged in an unreasonable application of *Jones* and *Apprendi* when it determined, as it has now on multiple occasions, that North Carolina's short-form indictments are not unconstitutional under the rules set out in those cases. *See, e.g., Hunt, supra; State v. Braxton,* 352 N.C. 158, 531 S.E.2d 428 (2000), *cert. denied,* 531 U.S. 1130, 121 S.Ct. 890, 148 L.Ed.2d

797 (2001); *State v. Smith,* 352 N.C. 531, 539, 532 S.E.2d 773, 779 (2000), *cert. denied,* 532 U.S. 949, 121 S.Ct. 1419, 149 L.Ed.2d 360 (2001). Nor did that court act in such a manner when it denied petitioner's claim in the present case.[4] For this reason, petitioner's claim fails and his petition should be dismissed.

**IT IS THEREFORE RECOMMENDED** that the petition for habeas corpus (docket no. 1) be denied, that respondent's motion for summary judgment (docket no. 4) be granted, and that Judgment be entered dismissing this action.

---

**4.** Because the Court finds that *Apprendi* did not extend the Fifth Amendment indictment requirement to state prosecutions and that pre-*Apprendi* case law makes clear that North Carolina's short form indictments do not violate the Sixth or Fourteenth Amendments, the Court does not reach the question of whether, if the indictment requirement did apply, North Carolina's short form murder indictments would fail to satisfy it.